COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Ismael Aguilar Alarcon v. The State of Texas

Appellate case number:    01-14-00760-CR

Trial court case number:  1225411

Trial court:              185th District Court of Harris County

David Lawrence Garza was appointed to represent appellant on this appeal. On December 12, 2014, Garza filed a motion to withdraw along with a brief based on *Anders v. California*, 386 U.S. 738 (1967), in which he opined there were no arguable issues to appeal. The brief, however, was stricken by this Court as it contained sensitive information as defined in Texas Rule of Appellate Procedure 9.10(a)(3). Specifically, the brief identified by name and home address the child victim of sexual assault, along with the names of other minors. Therefore, there is currently no brief on file with the Court of Appeals on behalf of Alarcon. We have twice ordered Garza to refile a compliant brief with appropriate redactions and alias names (by order of December 16, 2014, and by order of January 22, 2015), and he has twice failed to comply.

As such, we abate this appeal and remand the case to the trial court for a hearing at which appellant and David Lawrence Garza shall be present in person.[1] The court coordinator of the trial court shall set a date for said hearing and notify the parties, including appellant. We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

1) Whether appellant still wishes to pursue this appeal;
2) If so, determine whether David Lawrence Garza has abandoned this appeal and should be permitted to withdraw. If he is not permitted to withdraw, set a date certain by which he must file an appellate brief compliant with the Texas Rules of

---

[1] If appellant is now incarcerated, he may appear by closed video teleconference. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

Appellate Procedure on behalf of Alarcon. Any such deadline shall not be more than 10 days from the date of the abatement hearing;

If Garza is permitted to withdraw, then:

3) Whether appellant is now indigent and entitled to appointed counsel; and, if indigent,
   a. appoint counsel on appeal, and
4) If appellant is not indigent:
   a. whether he has retained an attorney to file a brief, and, if so, obtain the name, address, and telephone number of retained counsel;
   b. if appellant has not retained counsel, the trial court shall admonish appellant of the dangers and disadvantages of self-representation, and
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel; or,
      ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f); *Oliver*, 872 S.W.2d at 716; *Minjares*, 577 S.W.2d at 224; *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court no later than 30 days from the date of this order. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court.

It is so ORDERED.


Judge's signature: __/s/ Rebeca Huddle
                    X  Acting individually     ☐ Acting for the Court


Date:  February 12, 2015